UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 10-00086 |
|---|---|
| MIKIOI LIMA PARISH, | Chapter 13 |
| Debtor. | Re: Docket No. 29 |

## MEMORANDUM OF DECISION ON
## MOTION TO DETERMINE APPLICABILITY OF AUTOMATIC STAY

Secured creditor, First Hawaiian Bank, argues that certain property is not property of the estate or of the debtor because of a judicial foreclosure action and that therefore the automatic stay of section 362 of the Bankruptcy Code does not apply to that property. The underlying question is at what point during a judicial foreclosure is the mortgagor's interest in the mortgaged property completely extinguished. I conclude that, under Hawaii law, the mortgagor retains an equitable right to reinstate the mortgage until the court enters a written order confirming the sale, and that therefore the mortgagor has an interest in the property until that occurs.

First Hawaiian Bank loaned the Debtor funds, evidenced by an adjustable rate note, to purchase real property. As security for the repayment of the note, the Debtor granted to First Hawaiian Bank a mortgage and financing statement. The Debtor defaulted on the note, and First Hawaiian Bank prosecuted a judicial

foreclosure action. The property was sold at public auction, and on January 7, 2010, the state court heard and orally granted a motion to confirm the sale. The debtor filed for chapter 13 relief on January 12, 2010, before the state court entered its written confirmation order.

First Hawaiian Bank argues that, when the debtor filed the petition, the debtor retained no interest in the property except the equitable right of redemption. All other interest in the property was lost at the time the state court entered the foreclosure order and judgment on October 16, 2009. The property is therefore not part of the Debtor's bankruptcy estate and is not subject to the automatic stay.

The Debtor argues that the equitable right to redeem remains until there is an entry of a written order confirming the foreclosure sale. The right of redemption is an equitable interest that is included in the bankruptcy estate under section 541(a)(1).

The Debtor is correct. In Ewert v. Riverhead Land Dev. Inc. (In re Riverhead Land Dev. Inc.), U.S. District Court Civil No. 00-00402 DAE/FIY (2000), the state court issued a decree of foreclosure against the debtor Riverhead. The decree of foreclosure stated that Riverhead was "barred of and from all rights, title, and interest in the mortgaged property." Ewert was the high bidder at the foreclosure auction, and the state court orally approved the sale to Ewert. Before

U.S. Bankruptcy Court - Hawaii   #10-00086   Dkt # 44   Filed   04/06/10   Page 2 of 4

the state court entered a written confirmation order, Riverhead filed for chapter 11 relief. On appeal, the District Court held that: (1) the decree of foreclosure divested the debtor of all interest in the property except the right to redeem the property; (2) the state court's confirmation of the sale was not final and effective until a written order is issued; and (3) the debtor retained the right to redeem until the conclusion of the foreclosure sale.

Although the district court stated that the decree of foreclosure extinguished the mortgagor's interest in the property,[1] the court also stated that the mortgagor retains the equitable right to redeem the property at least until the sale is confirmed. The equitable right to redeem is a property right that is included in the Debtor's estate under section 541(a)(1).

Riverhead also disposes of the effect of an oral confirmation order. The district court made clear that a confirmation order is not effective and enforceable until it is reduced to writing.

This is consistent with foreclosure practice in the state courts. Hawaii has no statutory right of redemption. Rather, the court in the foreclosure case has

---

[1]Riverhead is also distinguishable in that the decree of foreclosure in that case expressly provided that the decree itself extinguished the mortgagor's interest in the property. The decree in this case, in contrast, contains the standard language that the sale would extinguish the mortgagor's interest. This is a distinction without a difference because, despite the stronger language of the foreclosure decree in Riverhead, the district court still held that the mortgagor's right of redemption survived.

3

U.S. Bankruptcy Court - Hawaii   #10-00086   Dkt # 44   Filed  04/06/10   Page 3 of 4

discretion to dismiss the case when the debtor cures the default. This equitable right of redemption survives up to the point when the state court judge would refuse to halt the foreclosure even though the debtor has tendered a cure of all defaults. Both sides agree that our state court judges would not prevent a mortgagor from curing the default and halting the foreclosure prior to the entry of a written order confirming the foreclosure sale.

This is another case where Hawaii's antiquated foreclosure statutes have resulted in unnecessary litigation, expense, and uncertainty. See also In re Hoopai, Bk. No. 04-02511 (Bankr. D. Hawaii Jan. 12, 2005) (discussing nonjudicial foreclosure statute); In re Kekauoha-Alisa, Adv. No. 06-90041 (Bankr. D. Hawaii June 15, 2007). The judicial foreclosure provisions (Haw. Rev. Stat. §§ 667-1 – 667-4) were adopted in 1859 and have not been amended since 1972. Most of the rules governing foreclosure practice have been made by judges in unpublished decisions. A modern, comprehensive, and fair judicial foreclosure statute could benefit both borrowers and lenders.

Because the debtor filed his petition before the state court entered its written confirmation order, the debtor's estate includes the right to redeem the property from the foreclosure sale. The automatic stay protects that right. A separate order denying First Hawaiian Bank's motion has been entered.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 04/06/2010

U.S. Bankruptcy Court - Hawaii   #10-00086   Dkt # 44   Filed 04/06/10   Page 4 of 4